*397 OPINION of the Court, by
Ch. J. Boyie.
This was an action of assumpsit for money lent and advanced. On the trial the plaintiffs read in evidence a bill of sale from the defendant to them for a negro woman, purporting to be given in consideration of ¾¾00, together with an endorsement thereon, of the same date, signed by the plaintiffs, in which they stipulated that the defendant might at ány time after the expiration of twelve months, revest himself with the right of said negro, upon the payment of the aforesaid sum of $>200. They moreover proved by parol testimony, that the plaintiffs lent the $>2Q0 to the defendant, and that the iiegro woman was intended by the parties only as a pledge or Security for the repayment of that sum. On this evidence the court instructed the jury, at the instance of the defendant, to find as in case of a nonsuit; and the jury found a verdict accordingly j but on the applica *398 tion of the plaintiffs, the court granted a new trial, fix which the defendant excepted. On the second trial a verdict and judgment were given for the plaintiffs, and the defendant has brought the case before this court by writ of error with supersedeas.
The main question involved in this case relates to the propriety of the instructions given by the court below to the jury to find as in case of a nonsuit. If these instructions were proper, the court certainly acted incorrectly in awarding a new trial; but if they were not so, it is equally clear that they ought to have granted a new trial, as the only means in their power of repairing th® error they had committed.
It is very clear that the moral justice of the case is with the plaintiffs in the court below, and that they ought to recover in some form of suit. That there is no form of suit known to the common law, as well suited to tine case made out by the plaintiffs as the one they have adopted, is evident: for most certainly no action at law would lie upon the bill of sale or the endorsement on it, as neither of them contains any contract on the part of the defendant for the repayment of the money. Indeed the bill of sale and endorsement, though they would perhaps on their lace be construed to amount to a mortgage or pledge, contain no evidence of the contract upon Which the pledge or mortgage was given. They must he considered, therefore, as collateral to the contract of loan; and it is held that taking a collateral security, though of a higher nature, does not prevent an action of assumpsit from being brought upon the original contract. — 1 Chitty Plead. 97". If it be said that the plaintiffs might have had their remedy in equity, it may he answered, that the proposition, though true, does not prove that they could not have relief at Saw. Had the pledge been given by parol, the plaintiffs would have had the same right to resort to a court of equity ; yet in that case there could have been no question of their right to maintain an action at law. So in every case of a mortgage, where there is an express contract to pay, the mortgagee has his election to seek his remedy either in a court of law or of equity; and in the reason of the thing there can be no difference whether the contract be express or implied, for in either case the law equally affords a remedy.
Judgment affirmed with costs and damages.